UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Craig Jordan,<br><br>              Plaintiff,<br>v.<br><br>ITT Educational Services, Inc. d/b/a ITT Technical Institute; and DOES 1-10, inclusive,<br><br>              Defendants. | Civil Action No.: 8:14-cv-2531<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Craig Jordan, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Craig Jordan ("Plaintiff"), is an adult individual residing in Germantown, Maryland, and is a "person" as defined by 47 U.S.C.A. § 153(39).

4. Defendant, ITT Educational Services, Inc. d/b/a ITT Technical Institute ("ITT"), is a Indiana business entity with an address of 13000 North Meridian Street, Carmel, Indiana 46032, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by ITT and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as

parties once their identities are disclosed through discovery.

6. ITT at all times acted by and through one or more of the Agents.

## FACTS

7. In or around December 2013, ITT began calling Plaintiff's cellular telephone, number 301-XXX-5611, using an automated telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice.

8. The 5611 number is a cellular number assigned to a wireless service.

9. The calls were placed from number, or had a caller identification designation of, 800-818-1582.

10. When Plaintiff answered calls from ITT he heard a brief period of silence before being connected to a live representative, who would proceed to market ITT's educational services.

11. On other occasions, when Plaintiff answered calls from ITT, he heard a prerecorded message instructing Plaintiff that "you have an important call please hold" after which a representative came on the line.

12. Plaintiff never provided his cellular telephone number to ITT and never provided his consent to be called on his cellular telephone number.

13. On numerous occasions Plaintiff told ITT that he was not interested in its services and instructed ITT to stop calling his cellular telephone.

14. However, ITT continued to call Plaintiff knowing that it lacked consent to do so.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

15. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

16. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

17. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..."*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

18. Defendants' telephone systems have some earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.  Other times a prerecorded message was played instructing the plaintiff to hold on the line.

19. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Despite Plaintiff directing Defendants to cease all calls to his cellular telephone, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in

knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 8, 2014

                                               Respectfully submitted,

                                               By    /s/ Sergei Lemberg      

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF